UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

    Plaintiff,

v.                                    Case No:   2:15-cv-453-FtM-99CM

AAA LOCKSMITH INC. and
ADAM COOPER,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff's Amended Motion for Entry of Clerk's Default and Incorporated Memorandum of Legal Authority (Doc. 20), filed on September 21, 2015. Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants, AAA Locksmith Inc. and Adam Cooper, for failure to respond to the Complaint.  For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party

> effecting service shall promptly apply to the Clerk for entry
> of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process servicer may leave a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *Id.* Here, the Return of Service (Doc. 18) states that on July 30, 2015, Plaintiff's process server delivered a true copy of the Summons and Complaint upon George (Refused Last Name), Defendant Cooper's 40 year old co-resident, at 4780 30th Place SW, Naples, FL 34116. Doc. 18 at 1. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing

or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, if the address for the registered agent is a residence, service of the corporation may be made by servicing the registered agent in accordance with Section 48.031. *Id.* at § 48.081(3)(b). Florida Statute 48.031 allows service to be made by leaving copies at the individual's "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." *Id.* at § 48.031(1)(a).

Here, Defendant Cooper is the registered agent for Defendant AAA. Doc. 20-1 at 1. Defendant Cooper's listed address is a residence. *Id.* The Return of Summons (Doc. 19) states that on July 30, 2015, Plaintiff's process server delivered a true copy of the Summons and Complaint upon George (Refused Last Name), Defendant Cooper's 40 year old co-resident, at 4780 30th Place SW, Naples, FL 34116. Doc. 19 a 1. The process server also informed the co-resident of the contents therein. *Id.* Accordingly, service of process was properly effected upon Defendant AAA pursuant to Federal Rule of Civil Procedure Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Adam Cooper and AAA Locksmith Inc. have failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Amended Motion for Entry of Clerk's Default and Incorporated Memorandum of Legal Authority (Doc. 20) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendants AAA Locksmith, Inc. and Adam Cooper.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of October, 2015.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record