UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.

    Plaintiff,

v.                                      Case No: 2:15-cv-453-FtM-99CM

AAA LOCKSMITH, INC., and
ADAM COOPER,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. #23) and Memorandum in Support (Doc. #24), both filed on November 10, 2015. Defendants neither appeared nor responded. For the reasons set forth below, the motion is granted on all counts.

**I.**

On July 24, 2015, The American Automobile Association, Inc. ("Plaintiff") filed a Complaint for Injunctive Relief and Damages (Doc. #1) against AAA Locksmith, Inc. and Adam Cooper ("Defendants"), alleging claims of trademark infringement, unfair competition and false designation of origin, trademark dilution, and trademark cyberpiracy. After Defendants failed to respond, Plaintiff filed a Motion for Entry of Clerk's Default against Defendants on August 21, 2015. (Doc. #16.) On September 21, 2015,

Plaintiff filed an Amended Motion for Clerk's Default against Defendants (Doc. #20), which was granted (Doc. #21) and a Clerk's Entry of Default (Doc. #22) was entered against Defendants on October 23, 2015. Subsequently, on November 10, 2015, Plaintiff filed its Motion for Default Judgment (Doc. #23) and Memorandum in Support (Doc. #24), along with two declarations in support (Docs. ##25-26). Therefore, Plaintiff has fulfilled the necessary prerequisites for a default judgment against Defendants. See Fed. R. Civ. P. 55(a).

**II.**

When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact" and those facts become the basis of a court's analysis of "the sufficiency of the complaint." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted).

Based upon facts presented to the Court, Plaintiff provides auto repair and maintenance, emergency roadside assistance (including locksmith services), and other automotive-related services and products. (Doc. #1, ¶ 10.) Plaintiff has over one hundred registered trademarks, and has used its "AAA" trademarks in commerce since 1916. (Id. ¶ 22; Doc #24, p. 5.) With over 50 million members in America and Canada (Doc. #1, ¶ 10), Plaintiff's trademarks have been in commerce for about a century as a part of Plaintiff's automotive and travel business (id. ¶ 22; Doc #24, p.

2

5). Plaintiff's applicable registered trademarks, through the United States Patent and Trademark Office, include: AAA Mark (Reg. No. 829,265), AAA Mark and Design (Reg. No. 2,158,654), AAA Premier Mark (Reg. No. 2,900,596), and AAA Premier Mark and Design (Reg. No. 2,935,481). (Doc. #1, ¶ 22.) Also, Plaintiff has maintained a service office in Naples, Florida since 1995. (Id. ¶ 19.) On September 1, 2009, Defendants registered a domain name that incorporated Plaintiff's AAA Marks (aaalocksmithnaples.com). (Id. ¶ 31.) Defendants have used the AAA identifier (AAA Locksmith, Inc.) in the course of commerce without authorization. (Id. ¶¶ 2, 17, 26, 64.)

On August 13, 2014 and September 24, 2014, Plaintiff sent cease-and-desist letters to Defendants through email and certified mail. (Id. ¶ 39.) The "letters were returned as undeliverable." (Id. ¶ 40.) On November 10, 2014, Plaintiff called Defendant Cooper to confirm the address, and sent another cease-and-desist letter by first class mail on November 19, 2014. (Id. ¶¶ 41–42.) After Defendants failed to respond, Plaintiff sent a final notice letter on December 17, 2014. (Id. ¶ 44.) Plaintiff then filed a Complaint for Injunctive Relief and Damages on July 24, 2015 (id.), and served Defendants on July 30, 2015, (Docs. ##18–19). The "Defendants have not answered or otherwise responded to the Complaint." (Doc. #24, p. 5.)

**III.**

**A. Trademark Infringement**

Count I alleges a claim for trademark infringement under the Lanham Act § 32, 15 U.S.C. § 1114(1). (Doc. #1, pp. 14-15.) To allege trademark infringement under the Lanham Act, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." Tana v. Dantanna's, 611 F.3d 767, 773 (11th Cir. 2010) (citation omitted).

Under the Lanham Act, trademark registration provides "prima facie evidence of the validity of the registered mark," 15 U.S.C. § 1057(b), creating a rebuttable presumption "and ordinarily renders the registered mark incontestable after five years of the continuous use." Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 209 (2000). Plaintiff has alleged that its registered trademarks are well-established, not subject to any ongoing proceedings, have been used since 1902 (Doc. #1, ¶¶ 22, 25), and have been used in the market since 1916 (Doc. #24, p. 6). Therefore, Plaintiff has sufficiently alleged rights in the mark at issue.

In evaluating whether there is a likelihood of confusion between two marks, the following seven factors are considered:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

Tana, 611 F.3d at 774–75.

First, Plaintiff has alleged that its trademarks are strong marks, because the AAA trademarks have been used by Plaintiff in commerce for about a century (Doc. #1, ¶¶ 22, 25; Doc. #24, p. 6) to millions of members nationwide (Doc. #1, ¶¶ 10, 22).

Second, both marks predominately display the three A's without spaces in their company signifiers—"AAA" and "AAA Locksmith"—as well as in their websites—"AUTOCLUBSOUTH.AAA.COM" and "AAALOCKSMITHNAPLES.COM."  (Id. ¶ 33; Doc. #1-1.)

Third and fourth, Plaintiff has further alleged that "both Plaintiff and Defendants offer automobile locksmith services" through "service outlets in Naples, Florida and target the same customers—motorists in need of automobile locksmith services." (Doc. #24, p. 8; see also Doc. #1, ¶¶ 10-11, 19.)

Fifth, Plaintiff and Defendant both advertise on the internet.  (Doc. #1, ¶¶ 20-21, 33; Doc. #1-1.)

Sixth, Plaintiff has alleged that "Defendants' bad faith intent is evidenced by their attempt to capitalize on Plaintiff's

5

reputation and good will, Defendants began using the AAA Marks decades after such marks were in wide circulation, and Defendants did not respond to AAA's warning letters." (Doc. #24, p. 8.) Plaintiff has also alleged:

> Defendant Cooper knew: (a) that his AAALOCKSMITHNAPLES.COM domain name was likely to cause confusion among consumers, in that consumers who want online information about AAA's locksmith services would likely assume, erroneously, that such information could be found at Defendant's AAALOCKSMITHNAPLES.COM website and (b) that such consumers would go to Defendant's AAALOCKSMITHNAPLES.COM website because of this mistaken belief.

(Doc. #1, ¶ 33.)

Seventh, although Plaintiff has not alleged a specific instance of actual confusion, it is not necessary to prove actual confusion in order to properly allege likelihood of confusion. Bentley Motors Corp. v. McEntegart, 976 F. Supp. 2d 1297, 1311 (M.D. Fla. 2013). Plaintiff has alleged that Defendants' use of the AAA name and domain is likely to cause customer confusion and divert customer business away from Plaintiff. (Doc. #1, ¶¶ 4, 52, 64.)

As such, the Court finds that Plaintiff has sufficiently alleged the likelihood-of-confusion element. Accordingly, Plaintiff has alleged facts sufficient to support default judgment as to Count I.

**B. Unfair Competition and False Designation of Origin**

Count II alleges a claim for unfair competition and false designation of origin under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).  (Doc. #1, pp. 15-16.)  The analysis for trademark infringement and unfair competition is "practically identical." Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd., No. 8:11-cv-1468-T-33TBM, 2013 WL 2406260, at *13 (M.D. Fla. June 1, 2013) (citation omitted), aff'd sub nom., Axiom Worldwide, Inc. v. Excite Med. Corp., 591 F. App'x 767 (11th Cir. 2014).  See also Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 780 (1992).

Considering the same elemental analysis for Count I, Plaintiff has alleged facts sufficient to support default judgment as to Count II.

**C. Trademark Dilution**

Count III alleges a claim for trademark dilution under the Lanham Act § 43(c), 15 U.S.C. § 1125(c). (Doc. #1, p. 16.)  To state a federal dilution claim, the plaintiff must allege that: "(1) the plaintiff's mark is famous; (2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has likely caused dilution." Bentley Motors Corp., 976 F. Supp. 2d at 1312-13.  "The mere fact that consumers mentally associate the junior user's mark with a famous mark is not sufficient to establish actionable

7

dilution." Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 433 (2003). However, "that does not mean that the consequences of dilution, such as an actual loss of sales or profits, must also be proved." Id.

Plaintiff has alleged that its AAA signifier has been in commerce for about a century, promoting its services to millions of members and non-members throughout the United States. (Doc #1, ¶¶ 10, 22.) Defendants' use of the AAA signifier to sell similar services reduced the distinctiveness of Plaintiff's mark, thereby diluting Plaintiff's trademark. (Id. ¶¶ 5, 61.) Accordingly, Plaintiff has alleged sufficient facts to support a default judgment as to Count III.

**D. Trademark Cyberpiracy**

Count IV alleges a claim for trademark cyberpiracy under the Lanham Act § 43(d), 15 U.S.C. § 1125(d). (Id. at 16–17.) In the Eleventh Circuit, a plaintiff must prove the following elements for a cyberpiracy claim: "(1) its mark is a distinctive or famous mark entitled to protection, (2) the defendant's domain names are identical or confusingly similar to the plaintiff's marks, and (3) the defendant registered the domain names with the bad faith intent to profit from them." PetMed Express, Inc. v. MedPets.Com, Inc., 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004).

Plaintiff has alleged that its marks "were distinctive and famous at the time of registration of the AAALOCKSMITHNAPLES.COM

8

domain name," that Defendant's "domain name is identical or confusingly similar to Plaintiff's AAA Marks and is dilutive of Plaintiff's AAA Marks," and Defendants "used Plaintiff's AAA Marks and the AALOCKSMITHSAPLES.COM domain name in commerce with a bad faith intent to profit from Plaintiff's famous and distinctive AAA Marks." (Doc. #1, ¶ 64.) Accordingly, Plaintiff has alleged facts sufficient to support default judgment as to Count IV.

## IV.

Plaintiff is "not by this motion seeking any form of monetary relief" (Doc. #24), but requests an "entry of Judgment by Default and a permanent injunction against Defendants" (Doc. #23) with regard to the trademark infringement, unfair competition and false designation of origin, trademark dilution, and trademark cyberpiracy allegations. The Eleventh Circuit has explained that:

> [A] plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008). "Infringement by its very nature causes irreparable harm," has no adequate remedy at law, and is in the public interest to have equitable remedy. Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989) (quoting

9

<u>Processed Plastic Co. v. Warner Commc'ns</u>, 675 F.2d 852, 858 (7th Cir. 1982)). After reviewing the well-plead facts, the Court finds that Plaintiff is entitled to default judgment and permanent injunction against Defendants on all counts.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. #23) is **GRANTED**. The Clerk shall enter judgment in favor of Plaintiff and against Defendants enjoining Defendants and all those persons in active concert or participation with Defendants from:

   a. Using the AAA trademarks including, but not limited to, the AAA trademarks on and in connection with any signs, websites, domains, social media, advertising, marketing material, corporate logos, and all other material that is available to customers, prospective customers, or the public;

   b. Aiding, assisting, or abetting any other person or business entity from using the AAA trademarks or any other confusingly similar marks in connection with the promotion, advertising, or offering of any product or service; and from

   c. Using the internet domain names that contain the AAA trademarks. Defendants are further required to remove the AAA trademarks, and all other confusingly similar marks from its business name, logos, internet websites, business signage and the like, and to deliver to Plaintiff any product, label,

business cards, signs, advertisements, internet domain names (including aaalocksmithnaples.com), and other items from which the AAA trademarks and all other confusingly similar marks cannot be removed.

d.  Defendants shall file with the Court within **thirty (30) days** after service of this Order and the Judgment, a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction. Defendants shall also immediately notify, in writing, and direct all publications in which any advertisements or other references to Defendants' business are scheduled to appear to cancel all advertisements and references using Plaintiff's Trademarks and all other confusingly similar marks.

2. The Clerk is further directed to terminate all deadlines and to close the file.

3. Plaintiff shall serve a copy of this Order upon Defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

11